IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Joy Major Hoop, | : | |
| | : | Case No. 1:06-cv-603 |
| Petitioner, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER OVERRULING |
| Pat Andrews, Warden Ohio Reformatory for Women, | : | PETITIONER'S OBJECTIONS TO SUPPLEMENTAL DECISION ON |
| Respondent. | : | PRIVILEGE OBJECTIONS |
| : | | |

This matter comes before the Court on Petitioner's Objections to and Appeal of the Magistrate's Supplemental Decision and Order (doc. 62). On February 9, 2009, Magistrate Judge Michael R. Merz issued a Supplemental Decision on Privilege Objections during the Deposition of Lawrence Handorf ("Supplemental Decision") (doc. 61). Magistrate Judge Merz held in the Supplemental Decision that Intervenor Carl Lindsey's work product privilege objections made during the deposition of Lawrence Handorf, an investigator hired by Lindsey's attorney, were overruled. Intervenor Lindsey had asserted the work product privilege in regard to information Handorf learned during the course of his investigation from a third person regarding the source of the handgun which was determined to be the murder weapon. Magistrate Judge Merz held that the information was fact work product, that Petitioner Joy Major Hoop had a substantial need for the information and was unable without substantial hardship to obtain the information by other means, and therefore, that the information was discoverable by Hoop.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, Intervenor Lindsey objects to the Supplemental Decision insofar as Magistrate Judge Merz

1

permitted disclosure of that portion of Handorf's deposition testimony which constituted work product. The Court carefully has reviewed the Supplemental Decision, Intervenor Lindsey's Objections thereto, Petitioner Hoop's Response to the Objections, and other relevant briefs and pleadings. Upon consideration of the law and the facts, the Court affirms the Supplemental Decision as not clearly erroneous or contrary to law.

In the event that the Supplemental Decision is affirmed, Intervenor Lindsey seeks the Court to stay the Order pending an application for appeal pursuant to 28 U.S.C. § 1292(b). The statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Intervenor Lindsey has not established that "an immediate appeal from this order [would] materially advance the ultimate termination of this litigation." Id. Accordingly, the Court will not issue a stay pending application for interlocutory appeal.

The Supplemental Decision (doc. 61) is **AFFIRMED** and Intervenor Lindsey's Objections thereto (doc. 62) are **OVERRULED**.

IT IS SO ORDERED.

                                                                                         s/Susan J. Dlott
                                                                                         Chief Judge Susan J. Dlott
                                                                                         United States District Court