# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOY MAJOR HOOP,

:

    Petitioner,

Case No. 1:06-cv-603

:

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

   -vs-

PAT ANDREWS, Warden,

:

    Respondent.

## ORDER STAYING RELEASE OF HANDORF DEPOSITION
## PENDING MANDAMUS ACTION

This case is before the Court on the Amended Motion of Intervenor Carl Lindsey to stay the release to Petitioner of the sealed portions of the deposition of Lawrence Handorf pending decision by the Sixth Circuit Court of Appeals on Intervenor's Petition for Writ of Mandamus (6th Cir. Case No. 09-3502) to prevent that release (Doc. No.70). Petitioner opposes the Motion (Doc. No. 72).

A motion to stay in these circumstances is a pre-trial nondispositive motion which a magistrate judge may decide. Fed. R. Civ. P. 72(b).

The factors to be considered in determining whether to grant a preliminary injunction are

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d

1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The same factors are to be considered when determining whether to grant a stay pending appeal. *Ohio, ex rel. Celebrezze, v. Nuclear Regulatory Comm'n.*, 812 F.2d 288 (6th Cir. 1987).

Mandamus is an appropriate remedy for a party to obtain review of a privilege or work product decision of a district court. *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997); *In re Lott*, 424 F. 3d 446 (6th Cir. 2005).

For reasons given in the prior decisions requiring release of the sealed portions of the Handorf decision, the Magistrate Judge does not believe Intervenor is likely to prevail on his Petition or, conversely, that this Court's prior decisions of the matter are clearly erroneous. However, Intervenor has been sentenced to death and his assertions of privilege therefore require scrupulous examination. While his arguments in this Court were not persuasive, they were certainly not frivolous by any means and they have been repeated to the Court of Appeals.

While this Court is not advised of what harm would likely accrue to Intervenor's pending habeas corpus case by disclosure of the sealed material, harm is conceivable and requiring disclosure of the harm would have invaded Intervenor's attorney-client communication privilege, an intrusion this Court did not believe was necessary to decide the work product question. Thus Intervenor may be harmed by release. Moreover, release before the Court of Appeals can decide the Petition for Mandamus would effectively moot the Petition.

As *Perrigo* recognizes, a party has no effective remedy for invasion of the work-product immunity by appeal from a final judgment. The Magistrate Judge likewise recommended against

granting Intervenor's motion for a certificate of the work product questions under 28 U.S.C. § 1292(b), but that was because such an interlocutory appeal requires two decisions by the Court of Appeals and work product questions do not fit squarely within the § 1292(b) criteria.[1] Mandamus is likely to be a prompter remedy.

The Court is aware that granting the stay further delays a decision of Ms. Hoop's habeas petition. Balancing the harms as between Ms. Hoop and Mr. Lindsey, the Court believes a stay is warranted.

Accordingly, release of the sealed portion of the Handorf deposition is STAYED pending a decision by the Sixth Circuit on Intervenor's mandamus petition. The parties shall keep the Court currently advised of the progress of those proceedings.

May 13, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1] The Magistrate Judges also understands that, given its congested docket, the Sixth Circuit has been parsimonious with § 1292(b) appeals.