# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOY MAJOR HOOP,

           Petitioner,

    -vs-

PAT ANDREWS, Warden,

           Respondent.

:

:

:

:

Case No. 1:06-cv-603

Chief Judge Susan J. Dlott
Magistrate Judge Michael R. Merz

---

## DECISION AND ORDER DENYING INTERVENOR'S MOTION FOR STAY PENDING PETITION FOR REHEARING *EN BANC*

---

On May 13, 2009, this Court stayed release to Petitioner of the sealed portion of the Lawrence Handorf deposition to protect Intervenor's interest in obtaining a decision on the merits of his privilege claim from the Sixth Circuit, a decision he sought by way of mandamus petition (Doc. No. 73). Upon receiving notice that the Sixth Circuit had denied the mandamus petition, the Court dissolved its stay(Doc. Nos. 75, 76). Intervenor now seeks a further stay while he requests rehearing *en banc* in the Sixth Circuit (Doc. No. 77). Mr. Lindsey does not argue for a further stay, but simply treats his intention to seek rehearing *en banc* as if that *ipso facto* justified a further stay.

The Court disagrees. Issuance of a stay pending appeal is dependent on the same four factors federal courts consider in granting or denying preliminary injunctive relief:

1) Whether the plaintiffs [appellants] have shown a strong or substantial likelihood or probability of success on the merits;

2) Whether the plaintiffs [appellants] have shown irreparable injury;

3) Whether the issuance of a preliminary injunction would cause substantial harm to others;

4) Whether the public interest would be served by issuing a preliminary injunction.

*Ohio, ex rel. Celebrezze, v. Nuclear Regulatory Comm'n.,* 812 F.2d 288 (6th Cir. 1987). The four

considerations are factors to be balanced, not prerequisites that must be met. *Mich. Bell Tel. Co. v.*

*Engler*, 257 F.3d 587, 592 (6th Cir. 2001).

The Court analyzed these factors when granting the initial stay pending mandamus (See Doc.

No. 73). The Court believes the balance has now shifted and warrants denial of the requested further

stay.

The Court did not believe Mr. Lindsey was likely to be successful in seeking mandamus for

the reasons already given in the Magistrate Judge's decisions denying the work product claim. The

initial stay was granted because mandamus was the only way Lindsey could obtain appellate review

of his claim (Doc. No. 73 at 2, citing *In re Perrigo Co.*, 128 F.3d 430 (6th Cir. 1997); *In re Lott*, 424

F. 3d 446(6th Cir. 2005). He has now obtained that review on the merits and lost. It is very unlikely

that he will obtain further merits review by his petition for rehearing *en banc*. Fed. R. App. P. 35(a)

provides in pertinent part:

> An en banc hearing or rehearing is not favored and ordinarily will not
> be ordered unless
> (1)    en banc consideration is necessary to secure or maintain
>         uniformity of the court's decisions; or
> (2)    the proceeding involves a question of exceptional importance.

Sixth Circuit Rule 35(c) emphasizes the unusual nature of en banc proceedings:

> **Extraordinary Nature of Petition for Rehearing En Banc.** A
> petition for rehearing en banc is an extraordinary procedure intended
> to bring to the attention of the entire court a precedent-setting error
> of exceptional public importance or an opinion that directly conflicts
> with Supreme Court or Sixth Circuit precedent. Alleged errors in the
> determination of state law or in the facts of the case (including

sufficient evidence), or errors in the application of correct precedent to the facts of the case, are matters for panel rehearing but not for rehearing en banc.

Of course, the court must also hear a matter en banc to reverse one of its own prior published precedents. See, e.g., *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009); *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005).

Nothing about the decision denying mandamus suggests the Sixth Circuit is likely to reconsider it en banc. It was issued as a brief order, rather than with a longer opinion. The decision provoked no dissent from a member of the panel which considered the case. The court honored the *Perrigo* and *Lott* precedents by considering the case on the merits, but did not advert to any circuit precedent or appellate law from other circuits from which it diverges. Thus it seems unlikely that further review will be granted, much less that Mr. Lindsey will prevail on the merits.

On the other hand, determination not to grant further review will take time. For example, another case in which a litigant sought mandamus against this Court has now been pending on petition for rehearing en banc for more than ninety days without decision. While Intervenor Lindsey as a capital habeas corpus litigant has no strong interest in speedy disposition of his case, Petitioner Hoop, as a non-capital habeas litigant, has a strong interest in vindicating her asserted right to liberty as promptly as possible. Her case has been pending for almost three years and has been delayed while she has litigated access to the Handorf information. She has a strong interest in not having the case further stayed.

Nor does this Court believe Mr. Lindsey can show irreparable injury from the release of the sealed information. Ms. Hoop believes that the information is exculpatory to her. Whether or not that is the case, the Court has not been offered an argument that it is significantly inculpatory of Mr.

Lindsey.[1]  The Court of course appreciates his interest and that of his counsel in defending as a matter of principle his trial attorney's work product.  But that is quite different from showing that release of this material will be directly harmful to him.

Finally, the public interest also counsels against further delay.  Despite vigorous attention to the case from both Chief Judge Dlott and the undersigned, this case will be reportable under the Civil Justice Reform Act as of September 30, 2009, as a case more than three years old.  The public's interest in prompt disposition of cases in federal court suggests proceeding as promptly as possible.

Accordingly, Intervenor's Motion for Further Stay Pending en banc review is DENIED.

August 6, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

---

[1]If Intervenor has such a case to make, he has not done so to date.