# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOY MAJOR HOOP,
:
    Petitioner,                             Case No. 1:06-cv-603

:       Chief Judge Susan J. Dlott
  -vs-                                   Magistrate Judge Michael R. Merz

PAT ANDREWS, Warden,
:
    Respondent.

## DECISION AND ORDER DENYING RESPONDENT'S MOTION TO STAY PROCEEDINGS PENDING EXHAUSTION OF STATE COURT REMEDIES AND ORDERING RESPONDENT TO ANSWER THE AMENDED PETITION

This case is before the Court on Respondent's Motion to Stay Proceedings Pending Exhaustion of State Court Remedies (Doc. No. 107), Petitioner's Response (Doc. No. 108), and Respondent's Reply (Doc. No. 109).

Petitioner filed her Amended Petition on January 5, 2010 (Doc. No. 102). The Petition does not follow the form prescribed by Rule 2(d) of the Rules Governing § 2254 Cases, but instead follows the form usually seen with civil complaints: 44 paragraphs of factual allegations followed by claims for relief incorporating those facts. The claims pled read as follows:

> **First Claim for Relief**: Petitioner's Convictions and Sentences Are Constitutionally Infirm Because the Trial Prosecutor Failed to Provide Defense Counsel with Exculpatory Evidence. United States Constitution, Sixth, Eighth and Fourteenth Amendments.
>
> **Second Claim for Relief**: Petitioner's Convictions and Sentences Are Constitutionally Infirm Because the Brown County Sheriff Failed to Preserve its Investigatory File. United States Constitution, Sixth,

Eighth and Fourteenth Amendments.

**Third Claim for Relief:** Petitioner's Convictions Are Constitutionally Infirm Because the Trial Court Failed to Conduct an Incamera Interview of Investigator Handorf. Fifth, Sixth and Fourteenth Amendments.

**Fourth Claim for Relief**: Petitioner's Convictions Are Constitutionally Infirm Because the State Appellate Court Did Not Order That the Invesitigator [Sic] Release the Name of the Individual Who Provided the Murder Weapon. Fourteenth Amendment.

**Fifth Claim for Relief**: Petitioner's Convictions and Sentences Are Constitutionally Infirm Because Trial Counsel Failed to Provide Her with Reasonable Effective Assistance of Counsel. Sixth, Eighth and Fourteenth Amendments.

**Sixth Claim for Relief:** Petitioner's Convictions and Sentences Are Constitutionally Infirm Because of the Cumalative [sic] Effect of the Errors That Occurred at Ther [sic]trial. Sixth, Eighth and Fourteenth Amendments.

(Amended Petition, Doc. No. 102.) After the Amended Petition was filed and at Petitioner's request (Doc. No. 103), the Magistrate Judge conducted a scheduling conference and entered a Scheduling Order which provided that Respondent would file an amended answer and return of writ and Petitioner would file an amended reply/traverse (Doc. No. 104). The Order concluded:

> Upon those documents, the Court will decide whether there remain any available state court remedies which must be exhausted before this case can proceed. The Court will either set a briefing schedule if there are no state court remedies or will stay the case pending exhaustion; even if the Amended Petition is found to be "mixed," it will not be dismissed for re-filing after exhaustion. *Rhines v. Weber,* 544 U.S. 269 (2005); *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

Respondent did not comply with the Scheduling Order; instead of filing an amended answer, it filed the instant Motion. Respondent identifies the First Claim for Relief as a new claim, based on *Brady v. Maryland*, 373 U.S. 83 (1963), and argues that her remaining claims, or some of them,

are "newly supported" to the extent that they are in a substantially different posture than when they were previously considered by the state courts. Respondent conceded that there was good cause for Petitioner's failure to exhaust previously and that the unexhausted claims were not "plainly meritless," both findings required for holding the Amended Petition in abeyance pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In her Response, Petitioner argues that "[w]hile it may not alter the Court's ultimate disposition of the Warden's motion, it is important to correctly identify the claims that are unexhausted and the claims that are exhausted."(Response, Doc. No. 108, at 1.) Petitioner proceeds to argue that her Third and Fourth Claims are exhausted. *Id.* at 4-14. She asks the Court to order the Warden "to identify all of the claims in the amended petition that she believes are unexhausted." *Id.* at 3. In response, the Court entered a notation order requiring the Warden in her reply to "delineate each claim in the Amended Petition which she asserts is unexhausted." Instead of complying, Respondent's counsel wrote in the Reply

> Petitioner Hoop has asked Respondent to specify whether any of the claims now raised by Hoop other than those already identified by Respondent as unexhausted could be unexhausted as well. But counsel for Respondent represents the State, not Petitioner Hoop. Counsel would not presume to instruct Ms. Hoop on how to prosecute her case. But it is suggested that she examine the claims she has previously raised in the state courts, compare them to the claims she has now presented to this court, and determine whether the new claims presented here have been presented to the state courts. Perhaps the safest course of action would be for Petitioner Hoop to raise all of the claims she now presents to this federal court in a new filing in the state courts, in order insure that they are properly preserved for federal review. At a minimum it appears to the State that her entirely new *Brady* claim, as well as her ineffective assistance of counsel claim are substantially different that the claims she has presented before, as each is supported by facts learned only through discovery in this case.

(Reply, Doc. No. 109, at 7-8.)

With respect, the Court believes Respondent's counsel misunderstands the status of the case: Petitioner did not ask for advice from Respondent's counsel, but rather asked the Court to order Respondent to take a position on exhaustion. The Court granted that motion in the notation order. Moreover, the Court had implicitly granted similar relief when it ordered Respondent to file an amended answer. Respondent's position on exhaustion is not a matter of advice to Petitioner's counsel; it is a matter of pleading or not pleading an affirmative defense.

28 U.S.C. § 2254(b)(3), as added by AEDPA, provides that "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." AEDPA does not explain how such an express waiver is to occur. *D'Ambrosio v. Bagley*, 527 F.3d 489, 495 (6th Cir. 2008). However, the *D'Ambrosio* court also held that there could be an express waiver, effective under § 2254(b)(3), by counsel's conduct during district court proceedings. Particularly in a non-capital case such as this where the Petitioner's interest in her liberty is eroded by delay, the State should not be allowed to hold its failure to plead lack of exhaustion as a trump card to be played whenever it chooses to do so. While the Magistrate Judge concedes the force of Chief Judge Boggs' argument in dissent in *D'Ambrosio* that "express" is hard to read as including implied by conduct, the AEDPA did not amend Rules 4 and 5 of the Rules Governing § 2254 Cases which permit a district court to order and answer and provide for the content of that answer.

Therefore, the Motion to Stay is DENIED without ruling on the merits of the Motion. Respondent is ordered to file, not later than April 5, 2010, an answer to the Amended Petition which conforms in all respects to Rule 5 of the Rules Governing § 2254 Cases including pleading all

defenses which Respondent wishes to raise as to each of Petitioner's Claims for Relief. Failure to plead lack of exhaustion with respect to any claim in the Amended Petition will be read by the Court as an express waiver of the defense of lack of exhaustion as to that claim.

This Decision renders moot Petitioner's Motion to Compel (Doc. No. 110).

March 24, 2010.

s/ **Michael R. Merz**<br>
United States Magistrate Judge