# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOY MAJOR HOOP,

:

    Petitioner,                                           Case No. 1:06-cv-603

:               Chief Judge Susan J. Dlott
   -vs-                                         Magistrate Judge Michael R. Merz

PAT ANDREWS, Warden,

:

    Respondent.

---

**DECISION AND ORDER STAYING PROCEEDINGS PENDING EXHAUSTION**

---

In habeas corpus cases brought under 28 U.S.C. § 2254, the custodian is under no obligation to plead in response to a petition until ordered to do so by the assigned judicial officer. Habeas Rule 4. Once the court has determined not to dismiss the petition on initial review and has ordered a response, Habeas Rule 5 governs the content of an answer.

> The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Habeas Rule 5(b). This case has of course been extensively litigated since Judge Black issued the original Order to Show Cause on September 14, 2006 (Doc. No. 4). After discovery, Petitioner sought leave to amend her Petition on October 30, 2009 (Doc. No. 96). The Court granted that Motion on December 28, 2009 (Doc. No. 101) and Petitioner filed the Amended Petition (Doc. No. 102). In response, the Warden requested a status conference which resulted in a Scheduling Order

(Doc. No. 104) requiring an amended answer and return of writ, including that "the Warden will state fully her position on whether Petitioner has exhausted all available state court remedies on claims now pled." *Id.* Instead of filing an amended answer, Respondent filed a Motion to Stay Proceedings to allow exhaustion (Doc. No. 107). The Court denied that Motion and again ordered an answer to the Amended Petition "which conforms in all respects to Rule 5 of the Rules Governing § 2254 Cases including pleading all defenses which Respondent wishes to raise as to each of Petitioner's Claims for Relief. Failure to plead lack of exhaustion with respect to any claim in the Amended Petition will be read by the Court as an express waiver of the defense of lack of exhaustion as to that claim." (Decision and Order, Doc. No. 111, at 4-5.)

Respondent has now filed her Supplemental Answer/Return of Writ. Respondent states that the Amended Petition contains five grounds for relief (Answer, Doc. No. 112, at 2), but in fact it contains six: the first claim appears on page 13, the second claim appears on page 17, the third claim appears on page 19, the fourth claim appears on page 23, the fifth claim appears on page 27, and the sixth claim appears on page 32. The Court extracted and repeated these six claims for relief verbatim in its most recent Order (Decision and Order, Doc. No. 111, at 1-2). Respondent actually argues the merits of the sixth claim at 43-44 of the Supplemental Answer, but never refers to it by number and raises as to it none of the defenses specified in Habeas Rule 5(b).

Respondent concedes that the Third and Fourth Grounds for Relief are exhausted, but asserts that the First, Second, and Fifth Grounds for Relief are not exhausted. Petitioner has previously conceded that at least her First Ground for Relief under *Brady v. Maryland*, 373 U.S. 83 (1963), is not exhausted. This Court may not adjudicate a mixed petition. *Rose v. Lundy,* 455 U.S. 509 (1982); *Pilette v. Foltz,* 824 F.2d 494 (6th Cir. 1987).

Accordingly, all further proceedings herein are STAYED, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), pending the outcome of state court proceedings. Petitioner is ordered to file a petition for post-conviction relief in the Brown County Common Pleas Court not later than May 1, 2010, to attempt to obtain relief from the state courts on as many of her claims for relief as she believes that court will hear. The parties will keep this Court currently advised of the status of that litigation and any appeals.

April 5, 2010.

                   s/ **Michael R. Merz**
                   United States Magistrate Judge