**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

JOY MAJOR HOOP,
:
    Petitioner,                                    Case No. 1:06-cv-603

:         Chief Judge Susan J. Dlott
    -vs-                                        Magistrate Judge Michael R. Merz

PAT ANDREWS, Warden,
:
    Respondent.

**DECISION AND ORDER AGAIN STAYING PROCEEDINGS PENDING EXHAUSTION**

       This case is before the Court on Petitioner's Memorandum Concerning Exhaustion and the First Claim for Relief (Doc. No. 118).

       In her First Claim for Relief in her Amended Petition (Doc. No. 102), Petitioner pleads a claim for relief under *Brady v. Maryland*, 373 U.S. 83 (1963), which held that the State has a duty to produce exculpatory evidence in a criminal case; if the State withholds evidence and it is material, the conviction must be reversed. Petitioner admits this claim is "premised . . . on information that she initially accessed during the discovery proceedings" in this federal habeas corpus case (Memorandum, Doc. 118, PageID 4107). She freely admits that "she has not presented her *Brady* Claim to the [Ohio] state courts." *Id..* PageID 4108. She asserts she should be excused from the exhaustion requirement "because of the state's suppression of evidence." *Id..*

       Petitioner does not believe she is asking this Court to create a new rule. Rather, she asserts that the Supreme Court, the Sixth Circuit, and other circuits have "addressed the merits of issues

-1-

premised upon evidence identified in the federal discovery process." *Id..* PageID 4110.

Petitioner first relies on *Michael Williams v. Taylor*, 529 U.S. 420 (2000). In that case the Supreme Court held that a state habeas petitioner was not precluded by 28 U.S.C. § 2254(e)(2) from obtaining an evidentiary hearing in federal court if his failure to develop the factual basis of the claim in the state court did not result from his own lack of diligence in attempting to develop that basis. On the point of possible exhaustion, the Court held:

> We further note the Commonwealth has not argued that petitioner could have sought relief in state court once he discovered the factual bases of these claims some time between appointment of federal habeas counsel on July 2, 1996, and the filing of his federal habeas petition on November 20, 1996. As an indigent, petitioner had 120 days following appointment of state habeas counsel to file a petition with the Virginia Supreme Court. Va. Code Ann. § 8.01-654.1 (1999). State habeas counsel was appointed on August 10, 1995, about a year before petitioner's investigator on federal habeas uncovered the information regarding Stinnett and Woodson. As state postconviction relief was no longer available at the time the facts came to light, it would have been futile for petitioner to return to the Virginia courts.

*Williams v. Taylor*, 529 U.S. 420, 443-444 (2000). Thus the Court held that Williams came within the well-accepted exception to the exhaustion requirement: futility. Indeed, the time bar for any state court consideration was so clear that the Commonwealth of Virginia did not even assert an exhaustion argument. In this case Ohio insists on exhaustion and Petitioner has not claimed that filing a successive post-conviction petition under Ohio Revised Code § 2953.23 would be futile, but only that the State is not entitled to exhaustion because it suppressed evidence. Of course whether the suppressed evidence is *Brady* material is the issue to be decided.

Petitioner also relies on *Strickler v. Greene,* 527 U.S. 263 (1999), but *Strickler* decides no exhaustion question. Instead, the Supreme Court was considering a holding by the Court of Appeals

that *Strickler* had procedurally defaulted on his Brady claim by not raising it in the state courts. That is not the question this Court confronts; Respondent is not arguing that Petitioner could previously have brought her *Brady* claim in the state courts but failed to do so and has therefore defaulted the claim.

In *Brown v. Smith*, 551 F.3d 424 (6th Cir. 2008), the court determined that the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") deferential standard of review did not apply to the state court's decision on petitioner's ineffective assistance of trial counsel claim because the state court had not considered evidence which became available during the habeas corpus proceedings. On this point, Chief Judge Boggs cited *Joseph v. Coyle*, 469 F.3d 441, 469 (6th Cir. 2006); and *Monroe v. Angelone*, 323 F.3d 286, 297 (4th Cir. 2003), also relied on by Petitioner here. *Brown* also does not decide the exhaustion question presented here. In *Brown* the petitioner had made two attempts to get the Michigan courts to consider the evidence and those motions were denied. 551 F.3d at 430. In *Joseph* there is also no indication that there potentially existed a state forum in which exhaustion could take place. Monroe decided the question whether petitioner had procedurally defaulted, not whether exhaustion should be insisted on.

Petitioner also asserts at Branch IV of her Memorandum that she can demonstrate cause and prejudice for failure to present her claim to the Ohio courts. As Respondent notes (Memorandum contra, Doc. No. 119, PageID 4123), this argument is premature.

In sum, none of the authority cited by Petitioner supports the proposition that a habeas petitioner should be excused from the exhaustion requirement if the evidence on which she relies was first discovered in habeas discovery proceedings. To so hold would be to graft a new exception

onto the AEDPA. 28 U.S.C. § 2254(B)(3) provides: "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Petitioner would have this Court add to that provision "or unless the State suppressed the evidence on which Petitioner now relies." Adopting such an exception is beyond our authority.

Accordingly, it is hereby ORDERED that all further proceedings herein are STAYED, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), pending the outcome of state court proceedings. Petitioner is ordered to file a petition for post-conviction relief in the Brown County Common Pleas Court or whatever other collateral remedies may be available to her not later than July 1, 2010, to attempt to obtain relief from the state courts on as many of her claims for relief as she believes those court will hear. The parties will keep this Court currently advised of the status of that litigation and any appeals.

June 14, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge