# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

JOY MAJOR HOOP,

| | | |
|---|---|---|
| Petitioner, | : | Case No. 1:06-cv-603 |
| - vs - | | District Judge Susan J. Dlott |
| | | Magistrate Judge Michael R. Merz |
| WANZA JACKSON, Warden, | | |
| Dayton Correctional Institution | | |
| | : | |
| Respondent. | | |

# DECISION AND ORDER

This habeas corpus case is before the Court for decision on the merits. The Magistrate Judge filed a Report and Recommendations (the "Report," ECF No. 155) to which Petitioner has objected (Objections, ECF No. 157). The time within which Respondent could have filed a response to the Objections has expired. Initially the Court recommitted the case to the Magistrate Judge, but on reconsideration finds the Recommittal Order (ECF No. 158) unnecessary and it is VACATED.

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections.

The Petition in this case includes seven claims for relief. The first claim, made under *Brady v. Maryland*, 373 U.S. 83 (1963), has ten sub-claims related to different pieces of allegedly suppressed evidence (Second Amended Petition, ECF No. 148, PageID 4920-50). The Report rejected all of the *Brady* claims on the merits, except that it found a portion of the eighth

1

sub-claim relating to murder weapon fingerprint evidence to be procedurally defaulted. The Report recommended dismissing Grounds for Relief Two, Four, Five, Six, and Seven on the merits, the latter two for failure to state a claim under the Constitution on which relief can be granted. Petitioner withdrew the Third Ground for Relief.

Petitioner objects only to the Magistrate Judge's conclusions on the Fourth Ground for Relief (First Objection, ECF No. 157, PageID 5189, et seq.) and the First Ground for Relief[1] (Second Objection, ECF No. 157, PageID 5199, et seq.). Accordingly, the Magistrate Judge's conclusions as to the remaining Grounds for Relief are ADOPTED without objection.

**First Objection (Fourth Ground for Relief)**

In her Fourth Ground for Relief, Ms. Hoop claims she was denied the right to present a defense by the refusal of the state courts to release to her the name of the person who Lawrence Handorf, Carl Lindsey's investigator, had learned supplied the murder weapon to Lindsey (Second Amended Petition, ECF No. 148, PageID 4936-39).

The Report notes that the Twelfth District Court of Appeals had remanded this case to the trial court to determine whether Petitioner had offered sufficient proof to warrant an *in camera* hearing with Handorf, determining first whether the sought-after witness existed  (Report, ECF No. 155, PageID 5159, *quoting State v. Hoop*, 2001 WL 877296 (12th Dist. Aug. 6, 2001)). Having heard the testimony of Handorf and R. Scott Croswell, who had represented Petitioner at trial, the court denied Hoop an *in camera* hearing and her motion for a new trial. *Id.* The Twelfth District Court of Appeals found this was not an abuse of discretion and the Magistrate

---

[1] At the conclusion of the Objections, Hoop's counsel refers to this as the Second Ground for Relief (PageID 5209). However, it is the First Ground for Relief which includes Petitioner's *Brady* claims.

2

Judge concluded no constitutional violation was involved in that ruling (Report, ECF No. 155, PageID 5160).

Petitioner objects that she had a constitutional right to present to the jury the name of the person who supplied the weapon to Carl Lindsey, the person who actually shot Whitey Hoop (Objections, ECF No. 157, PageID 5191).  She argues this piece of evidence would have contradicted the trial testimony of Kathy Kerr that she saw Hoop give the gun to Lindsey.

In the Objections, Petitioner repeatedly refers to this evidence as "nondisclosed."  (See ECF No. 157, PageID 5192-93.)  But Ground Four is not a *Brady* claim; there is no evidence of record that the prosecution possessed this information and failed to disclose it.  Rather, the state trial judge prevented Petitioner from compelling Handorf's  disclosure of the information that he gained acting as trial investigator for the co-defendant, Carl Lindsey.

Petitioner emphasizes her constitutional right to present a complete defense  (Objections, ECF No. 157, *citing United States v. Scheffer*, 523 U.S. 303 (1998), and *Crane v. Kentucky,* 476 U.S. 683 (1986)).  The Court agrees and would cite also *Chambers v. Mississippi,* 410 U.S. 284, 302 (1973).  The right to present a complete defense means that any state evidentiary rules used to exclude evidence cannot be "arbitrary" or "disproportionate to the purpose they are designed to serve." *Wynne v. Renico*, 606 F.3d 867, 870 (6th Cir.  2010), *quoting Scheffer*, 523 U.S. at 308. However, the right of a defendant to present a complete defense can be in tension with the constitutional rights of others, e.g., the Fifth Amendment privilege against self-incrimination.

In this case, the Court did order and the Magistrate Judge presided over the deposition of Lawrence Handorf in open court on December 10, 2008, having allowed Carl Lindsey to intervene to protect his interests.  Following the deposition, the Magistrate Judge found that Petitioner had overcome the work product objections of Mr. Lindsey (Decision and Order, ECF

No. 57).  This Court upheld that ruling (Order, ECF No. 66) and the Sixth Circuit declined to intervene by writ of mandamus.  *In re:  Carl Lindsey*, Case No. 09-3502 (6th Cir. Aug. 3, 2009)(unreported; copy at ECF No. 75).  The Magistrate Judge then ordered the release of the Handorf deposition transcript, redacted to protect information not ordered to be released, to Petitioner's counsel subject to an agreed protective order (ECF No. 84).  After expansion of the record, the Magistrate Judge stayed the case to allow Petitioner to exhaust any state court remedies that might be available to her (ECF No. 122) and modified the protective order to permit use of the discovered information in those proceedings (ECF No. 126).

Upon return to the Ohio courts, Hoop filed two motions for new trial, the second of which focused on what Lawrence Handorf testified to.  The Common Pleas Court denied the motion (Return of Writ, ECF No. 146-1, Exh. 22, PageID 4757 et seq.) and Petitioner appealed raising two assignments of error, the first of which presented six issues for review. *Id.*  at Exh. 24, PageID 4773, et seq.  The Twelfth District Court of Appeals affirmed, *State v. Hoop*, 2013-Ohio-3078, 2013 Ohio App. LEXIS 3130 (12th Dist. July 15, 2013), appellate jurisdiction declined, 137 Ohio St. 3d 1422 (2013).  The court of appeals held in pertinent part:

> [*P2]  Hoop was convicted in 1998 of conspiracy and complicity in the aggravated murder of her husband, Donald Ray Hoop. The pertinent facts and procedural history of this matter were recently discussed at length in *State v. Hoop*, 12th Dist. No. CA2011-07-015, 2012 Ohio 992, wherein this court denied her first motion for a new trial. Suffice it to say, although her conviction was affirmed on appeal, see *State v. Hoop,* 134 Ohio App.3d 627, 731 N.E.2d 1177 (12th Dist.1999) and *State v. Hoop,* 12th Dist. No. CA2000-11-034, 2001 Ohio App. LEXIS 3451, 2001 WL 877296 (Aug. 6, 2001), Hoop continues to advocate her innocence despite the abundance of evidence directly implicating her in the murder-for-hire scheme.
>
> [*P3]  To that end, Hoop has filed a second motion for a new trial alleging she has now discovered the identity of the individual who provided Carl Lindsey, the gunman, with the weapon he used to

4

commit the murder. [Footnote omitted.] The trial court, however, denied the motion finding this alleged newly discovered evidence was cumulative and served only to impeach the evidence previously introduced at her trial. The trial court also determined that the evidence did not provide a strong probability of a different outcome or changed result if a new trial was granted.

&ast; &ast;

[\*P9] In her two assignments of error, Hoop argues that the trial court erred in its decision overruling her second motion for a new trial, or, at the very least, erred by denying the motion without first conducting an evidentiary hearing. We disagree.

[\*P10] Crim.R. 33 motions for a new trial are not to be granted lightly. *State v. Thornton,* 12th Dist. No. CA2012-09-063, 2013-Ohio-2394, ¶ 21, citing *City of Toledo v. Stuart,* 11 Ohio App.3d 292, 293, 11 Ohio B. 557, 465 N.E.2d 474 (6th Dist.1983). In order to prevail on a motion for a new trial based upon newly discovered evidence, such as the case here, the defendant must establish that the evidence:

> (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Petro,* 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

[\*P11] The decision to grant or deny a motion for a new trial pursuant to Crim.R. 33 rests within the sound discretion of the trial court. *State v. Schiebel,* 55 Ohio St.3d 71, 76, 564 N.E.2d 54 (1990); *State v. Blankenship*, 102 Ohio App.3d 534, 556, 657 N.E.2d 559 (12th Dist.1995). Rather than a mere error of law and judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006 Ohio 160, ¶ 30, 840 N.E.2d 1032.

[\*P12] Although presenting a number of issues, as the trial court correctly noted, Hoop's latest request for a new trial is premised exclusively upon the testimony of Lawrence Handorf, an investigator appointed on Lindsey's behalf, whose deposition was conducted as part of Hoop's federal habeas corpus case in *Hoop v.*

5

*Andrews*, S.D.Ohio No. 1:06-CV-603. Based on this testimony, Hoop claims that "it is now clear that [she] did not own, possess, or provide the murder weapon to Lindsey." However, we agree with the trial court's finding that this evidence serves as nothing more than (1) cumulative evidence that yet another witness says she did not provide the gun (2) which merely further impeaches the evidence previously introduced at trial that she did. It is well-established that this is an insufficient basis upon which to grant a new trial.

[\*P13]  Furthermore, whether Hoop actually provided the gun to Lindsey is not material to her conviction in the murder-for-hire scheme, nor is there a strong probability that this evidence would change the outcome if a new trial were granted. As this court has previously stated, the state's theory of the case was that Hoop was involved in the planning of her husband's murder. In turn, whether Hoop actually provided Lindsey with the gun used in her husband's killing was not a dispositive factor in determining her guilt. [Footnote omitted.] This is particularly true when considering the other evidence indicating Hoop was overheard conversing with Lindsey about having her husband killed the night of his murder, a fact which she subsequently admitted to police, and the fact that she later admitted to Thomas Merriman, an associate of Lindsey, to paying Lindsey to kill her husband. Therefore, although this evidence may have been beneficial to Hoop, it was not material to her defense.

[\*P14]  Moreover, after a thorough review of the record, the evidence does not provide for a strong probability that the outcome would change even if a new trial were granted. See, e.g., *State v. Widmer*, 12th Dist. No. CA2012-02-008, 2013 Ohio 62, ¶ 172 (finding no abuse of discretion in trial court's decision denying appellant's motion for new trial where allegedly newly discovered evidence was not material and there was no strong probability that the evidence would change the outcome regarding where evidence presented indicated he killed his wife); *State v. Barton,* 12th Dist. No. CA2005-03-036, 2007 Ohio 1099, ¶ 30-36 (same). Again, Hoop was overheard conversing with Lindsey about having her husband killed the night of his murder, and later admitted her involvement in the murder-for-hire scheme to one of Lindsey's associates. Accordingly, based on the facts of this case, the trial court did not abuse its discretion in denying Hoop's second motion for a new trial, nor in failing to conduct an evidentiary hearing regarding the same. Hoop's two assignments of error are overruled.

6

Petitioner correctly notes the Magistrate Judge did not discuss this appellate opinion, but instead only the Twelfth District's opinion on direct appeal (Objections, ECF No. 157, PageID 5197-98).  Therefore this decision, the last reasoned decision of the Ohio courts, requires analysis at some length in light of the Objections.

First Petitioner argues the Twelfth District did not address "the merits of the constitutional claim" (Objections, ECF No. 157, PageID 5194).  Hoop did not raise any constitutional assignments of error in her Brief on appeal, but presented her constitutional questions as "issues presented for review" under her First Assignment of Error, framed in terms of constitutional claims as follows:

> **First Issue:**  A defendant is entitled to a new trial if a trial court refuses to conduct the necessary in camera review and as a result the defendant is deprived of access to material evidence. United States Constitution, Fourteenth Amendment.
>
> **Second Issue:**  A defendant is entitled to a new trial when a trial court precludes her from accessing material evidence. United States Constitution, Fourteenth Amendment.
>
> **Third Issue:**  A defendant is denied his [sic] right to effective assistance of counsel when her attorneys fail to conduct a reasonable investigation which results in the defendant being prejudiced, the jury not hearing material evidence. United States Constitution, Sixth and Fourteenth Amendments.
>
> **Fourth Issue:**  A defendant's convictions are constitutionally infirm when she is factually innocent of the offenses for which the jury found her guilty. United States Constitution, Eighth and Fourteenth Amendments.
>
> **Fifth Issue:**  A defendant's convictions are constitutionally infirm when the cumulative effects of the errors that occurred at her trial deprived her of due process, even if those errors individually do not rise to the level of a constitutional violation that requires the

granting of a new trial. United States Constitution, Eighth and Fourteenth Amendments.

**Sixth Issue:**  A trial court should grant a defendant's motion for a new trial when there is new evidence that has been discovered since trial that could not have been discovered before trial with reasonable diligence, that evidence is material to the issues raised a [sic] trial, and there is a strong probability that evidence would change the result if the court grants the motion for a new trial. Crim. R. 33.

(Merit Brief, ECF No. 146-1, Exh. 24, PageID 4774-77.)

Respecting the **First Issue**, Petitioner attempted to raise the same claim she had made on her prior appeal and which the Twelfth District had decided against her.  That is, the Twelfth District had remanded the case to have the trial court determine if an *in camera* proceeding was needed. The Report found the trial judge weighed the competing testimony of Handorf and Croswell and found on that basis no *in camera* proceeding was needed (ECF No. 155, PageID 5160, *quoting State v. Hoop*, 2001 WL 877296 (12th Dist. 2001)).  The Magistrate Judge concluded "[t]here is no constitutional violation in relying on such a credibility determination." *Id.*

In the Twelfth District Petitioner relied on *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), for the proposition that an *in camera* hearing is required in these circumstances.  In *Ritchie*, defendant father, charged with sexual abuse of his daughter, sought discovery of the state child welfare agency's whole file on the case.  It was the Pennsylvania Superior Court which ordered the *in camera* inspection by the trial judge as a Confrontation Clause right.  The Supreme Court was unable to agree on an opinion with respect to the Confrontation Clause claim, holding only that the Due Process Clause required some disclosure of the records and would be satisfied "in the present case" by an *in camera* inspection.  Thus there is no holding by the Supreme Court

8

that an *in camera* inspection of otherwise confidential material is required in every case.  Here the Twelfth District Court of Appeals remanded for the trial court to conduct an *in camera* if needed, but also to make the initial determination of whether defendant had made a prima facie showing of necessity.  *Ritchie* does not hold that this result is unconstitutional or that *in camera* inspection is required in every case.

The **Second Issue** is essentially a restatement of issues raised on the first appeal, to wit, refusal of the trial court at the time of trial to permit Hoop access to Handorf's information.  By the time of her second motion for new trial, she had that information and could not persuade the Ohio trial or appeals court that it was material.   Although Petitioner does not re-cite *Pennsylvania v. Ritchie, supra,* again in her argument on the Second Issue, she contends for the same proposition of law for which she previously cited that case, to wit, that she had a due process right to the information at trial.

Hoop's **Third Issue** was ineffective assistance of trial counsel.  In her merit brief on appeal, after citing general propositions about a trial attorney's duty to reasonably investigate, Hoop makes the narrow assertion that her trial attorney "failed to identify, locate, and interview the most important witness, the individual who supplied the murder weapon to Lindsey." (Return of Writ, ECF No. 146-1, Exh. 24, PageID 4790.)   Of course at other points in the briefing, Hoop's present counsel argues repeatedly that the trial attorney, Mr. Croswell, tried hard to get the trial judge to compel Handorf to disclose what he had found.  It was not for lack of effort that Croswell did not get the information.  In the argument on the Third Issue, Hoop concedes she must prove prejudice which would consist in proving the information was material, which the Ohio courts found it was not.

In her **Fourth Issue**, Hoop claims she is actually innocent, relying on *Herrera v. Collins,*

506 U.S. 390 (1993), *Schlup v. Delo,* 513 U.S. 298 (1995), and *House v. Bell,* 547 U.S. 518

(2006)(Return of Writ, ECF No. 146-1, Exh. 24, PageID 4791-92).  In her **Fifth Issue** she

asserted cumulative error. *Id.*  at PageID 4793. Finally, her **Sixth Issue** argued the Ohio law

applicable to grant of a new trial.  *Id.*  at PageID 4794-96.  Thus in at least some of her Issues

Presented for Review, Petitioner fairly presented federal constitutional claims with appropriate

citations of federal authority.

In affirming the trial court, the Twelfth District did not deal directly with these

constitutional issues.  Instead, they decided the underlying question applicable to all the claims:

was the Handorf information material?  That is, if the information eventually discovered was not

material, there can have been no due process violation in refusing its production, no violation of

the Compulsory Process Clause, and no ineffective assistance of trial counsel.

A state court decision can constitute an "adjudication on the merits" entitled to deference

under 28 U. S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim

or to relevant federal case law.  In  *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme

Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated
> on the merits" in state court, subject only to the exceptions in §§
> 2254(d)(1) and (d)(2). There is no text in the statute requiring a
> statement of reasons. The statute refers only to a "decision," which
> resulted from an "adjudication." As every Court of Appeals to
> consider the issue has recognized, determining whether a state
> court's decision resulted from an unreasonable legal or factual
> conclusion does not require that there be an opinion from the state
> court explaining the state court's reasoning. *See Chadwick v.
> Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary
> for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002);
> *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v.
> Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v.
> Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196
> F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d
> 866, 869 (CA8 1999). And as this Court has  observed, a state

> court need not cite or even be aware of our cases under § 2254(d).
> *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263
> (2002) (per curiam). Where a state court's decision is
> unaccompanied by an explanation, the habeas petitioner's burden
> still must be met by showing there was no reasonable basis for the
> state court to deny relief. This is so whether or not the state court
> reveals which of the elements in a multipart claim it found
> insufficient, for § 2254(d) applies when a "claim," not a
> component of one, has been adjudicated.

*Id.* at 98. *Harrington* creates a presumption that fairly presented federal claims were decided on

the merits by the state court and that presumption applies here where the Twelfth District

decided the critical evidence-weighing question underlying the federal claims.

Petitioner asserts the *Harrington* presumption is rebutted in a case such as this where the

state court applied a state-law standard which is less protective of the federal constitutional right

than the federal standard (Objections, ECF No. 157, PageID 5194).  She asserts, correctly, that

the Twelfth District applied *State v. Petro,* 148 Ohio St. 505 (1947).  That is the standard the

court of appeals applied.  See *State v. Hoop, supra*, at ¶ 10, quoted above.

Petitioner next argues the Ohio Supreme Court has held *Petro* is not applicable "when

defendant raises a due process argument" (Objections, ECF No. 157, PageID 5195, *citing State*

*v. Johnston,* 39 Ohio St. 3d 48 (1988)).  In *Johnston* the Ohio Supreme Court found that the

capital defendant's new trial motion raised both newly-discovered evidence and prosecutorial

misconduct claims.  It decided:

> Appellant [State of Ohio] also urges that the court of appeals failed
> to apply the correct standard for reviewing motions for new trials.
> Specifically, appellant argues that the appellate court should have
> applied an abuse of discretion test rather than a due process
> analysis. Appellant's contention presupposes that the trial court
> only addressed the issue of newly discovered evidence. In such a
> case, the abuse of discretion test would have been appropriate.
> However, as discussed above, the trial court also considered the
> issue of prosecutorial misconduct. In reviewing the merits of
> appellee's motion, then, the court of appeals was required to utilize

> a due process analysis, and properly did so. Furthermore, the trial
> court relied on Crim. R. 33 in reaching its decision. That rule
> requires that a determination be made as to whether a defendant's
> substantial rights have been materially affected. Appellee's right to
> a fair trial was before the trial court, and therefore the application
> by the court of appeals of a due process standard was not improper.

*Johnston*, 39 Ohio St. 3d at 59.

Prosecutorial misconduct claims arise under the Due Process Clause and are reviewed under that standard. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  In contrast, the question whether to grant a new trial is not a due process issue.  Judge John Holschuh of this Court wrote, sitting with the Sixth Circuit:

> State law issues are not subject to habeas review, see *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991), and this Court can review the denial of [Petitioner's] motion for new trial only for constitutional error. To establish a constitutional due process claim, [Petitioner] must demonstrate that the trial court's denial of his motion for new trial was "so egregious" that it violated his right to a fundamentally fair trial. *See Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009); *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004).

*Pudelski v. Wilson*, 576 F.3d 595, 611 (6th Cir. 2009)(Holschuh, D.J.)  The federal due process standard for reviewing denial of a new trial is more deferential to the state courts than the standard actually applied by the Twelfth District. For the reasons given by that court, its denial of a new trial is not an objectively unreasonable application of United States Supreme Court precedent.

Alternatively, Petitioner argues the Twelfth District's decision was based on an unreasonable determination of the facts. (Objections, ECF No. 157, PageID 5195, et seq.)  She argues that that court's final decision is inconsistent with its prior rulings requiring trial court inquiry into the Handorf information which implicitly held that that information would be

material.  That does not follow logically; the fact that an inquiry is worth making does not imply that the results of the inquiry will be material.

Ultimately, the Twelfth District found the Handorf information was cumulative to her evidence presented and merely impeached prior evidence.  That conclusion is not based on an unreasonable determination of the facts, given the evidence presented.  Kathy Kerr, the witness sought to be impeached, was the girlfriend or spouse of the actual killer who was found with her at her home cleaning off the victim's blood.  She had a motive to protect Carl Lindsey which probably led her to make inconsistent statements to the police.  But her inconsistencies were thoroughly explored at trial.  The fact that Handorf found a person who claimed to have sold the murder weapon to Lindsey earlier the day of the murder would only have impeached her further and thus it was not a denial of due process to decline a new trial on that basis.

Petitioner's First Objection is overruled.

## Second Objection (First Ground for Relief)

Petitioner's First Ground for Relief alleges prosecutorial misconduct in failure to produce evidence assertedly covered by *Brady v. Maryland*, *supra*.  The Twelfth District Court of Appeals decided  these claims on the appeal from denial of Petitioner's first motion for new trial. *State v. Hoop*, 2012-Ohio-992, 2012 WL 777332 (12th Dist. Mar. 12, 2012).  The Magistrate Judge concluded after extended analysis of each sub-claim that decision was entitled to deference under 28 U.S.C. § 2254(d)(Report, ECF No. 155, PageID 5128-53).  Having reviewed the Second Objection, the Court is not persuaded Petitioner has shown either an unreasonable application of *Brady* or a decision based on an unreasonable determination of the facts.

**Conclusion**

Based on a *de novo* review of the issues raised by Petitioner in her Objections, the Court finds that they are not well taken.  Because reasonable jurists would not disagree with this conclusion, Petitioner is DENIED a certificate of appealability and the Court CERTIFIES to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*. The Magistrate Judge's Report and Recommendations are ADOPTED.  The Clerk will enter judgment dismissing the Second Amended Petition with prejudice.

February 4, 2016.

S/Susan J. Dlott
Susan J. Dlott
United States District Judge